Arnold Schildhaus v. Commissioner.
Schildhaus v. Commissioner
Docket No. 705-70 SC.
United States Tax Court
T.C. Memo 1972-37; 1972 Tax Ct. Memo LEXIS 217; 31 T.C.M. (CCH) 137; T.C.M. (RIA) 72037; February 16, 1972, Filed. Arnold Schildhaus, pro se, 3850 Hudson, Manor Terrace, Riverdale, Bronx, N. Y. Michael A. Menillo, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for 1966 of $268.54. The only issue involved is whether the petitioner may deduct a capital loss of $1,000 under *218 section 1211. [1]
Findings of Fact Arnold Schildhaus, the petitioner, was a legal resident of New York. New York, at the time his petition was filed. He filed his individual Federal income tax return for 1966 with the District Director of Internal Revenue at Manhattan in New York, New York. Prior to 1964, the petitioner was in the business of buying, selling, and renting real estate. In 1964, he became a school teacher. In 1966, the petitioner claimed a $1,000 capital loss on his income tax return stating: I owned a first mortgage on a property at 623 East 12th Street, New York 138 City, which became worthless when the City of N. Y. acquired the property for unpaid taxes by an in rem proceeding. The unpaid balance of the mortgage was $13,100. It was acquired by me when I was in the real estate business. In an amended petition, he asserts that the loss should be allowed because of certain other transactions, including dealings with 212 W. 141st Street and 1117 Tinton Avenue. He also argues that a judgment was obtained against him as guarantor on a loan *219 of $8,500 by James Talcott, Inc. The record discloses that 623 E. 12th Street was conveyed to the City of New York under a foreclosure for delinquent taxes on May 31, 1966. The property was owned by Jer-Ron Realty at the time of foreclosure. As to 212 W. 141st Street, the Mae-Ed Corporation initially obtained a mortgage on the property from the Bronx County Trust Company on July 2, 1947. Mae-Ed was controlled by the petitioner. After a complicated series of transactions, the mortgage was foreclosed by Ambro Estates, Inc., and was sold by a Referee on June 2, 1958. With respect to 1117 Tinton Avenue, in 1954 Unity Estates, a corporation controlled by the petitioner, issued a mortgage for $8,000 to the petitioner. Later in 1956, Mae-Ed, which apparently then owned the property, mortgaged it to Leo Freedman for $6,000. The mortgage was foreclosed in 1958 and the property sold. Opinion Under section 1211(b) [2] the petitioner can deduct $1,000 in losses from the sale or exchange of capital assets if he can substantiate that the losses actually occurred and were realized by him. On the record before us, we are compelled to hold that the claimed capital loss is not deductible. All *220 of the properties and mortgages involved in the transactions the petitioner enumerates were not owned by him individually, and therefore he cannot claim any losses with respect to them. While he does control the corporations, there is nothing in the record which would warrant our disregarding the corporate entity and imputing the transactions to the petitioner individually. Indeed, even were we to do so, the facts presented are inadequate to establish the nature and amount of the losses or even that losses actually were incurred. As to the guarantee involving Talcott, there is no documentary evidence establishing the amount of the loan or the nature of the guarantee. There is nothing which would support the allegation that the loan was not paid, that a judgment was obtained against the petitioner, and that the petitioner made payments on the guarantee in satisfaction of the judgment. The petitioner has failed to sustain his burden of proof. ; . *221 Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All section references are to the Intern l Revenue Code of 1954, as amended and as it pertains to the year 1966.↩
2. SEC. 1211. LIMITATION ON CAPITAL LOSSES. * * * (b) Other Taxpayers. - In the case of a taxpayer other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus the taxable income of the taxpayer or $1,000, whichever is smaller. For purposes of this subsection, taxable income shall be computed without regard to gains or losses from sales or exchanges of capital assets and without regard to the deductions provided in section 151 (relating to personal exemptions) or any deduction in lieu thereof. If the taxpayer elects to pay the optional tax imposed by section 3, "taxable income" as used in this subsection shall be read as "adjusted gross income".↩